PEOPLE v. GREENBERG.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

1. ADULTERATION (§ 4*)—"SALE"—TO INSPECTOR—EVIDENCE.
    Where a food inspector, on visiting defendant's premises, where he was carrying on a candy jobber business, informed defendant that he was an inspector to examine his candies, and after taking six samples asked defendant how much he owed him therefor, and was told "10 cents," which he paid, the transaction constitutes a "sale," within New York City Sanitary Code, § 68, prohibiting the sale of any adulterated food within that city.
    [Ed. Note.—For other cases, see Adulteration, Dec. Dig. § 4.*

    For other definitions, see Words and Phrases, vol. 7, pp. 6291–6306; vol. 8, p. 7793.]

2. ADULTERATION (§ 12*)—"HAVE FOR SALE"—EVIDENCE.
    Where defendant was a jobber of candy, and admitted that he had purchased candies from which samples shown to be adulterated were taken, that he had such candies at his place of business, and did not contend that the candy was bought for any other purpose than for resale in the course of his business, it sufficiently appeared that it was kept for sale, within New York City Sanitary Code, § 68, providing that any person who shall "have for sale" adulterated food in the city of New York, etc.
    [Ed. Note.—For other cases, see Adulteration, Dec. Dig. § 12.*]

3. ADULTERATION (§ 4*)—STATUTES—INTENT—"JOBBER."
    New York City Sanitary Code, § 68, providing that no person shall have or offer for sale adulterated food within the city, is applicable to a "jobber," a middleman in the sale thereof; criminal intent not being an element of the offense.
    [Ed. Note.—For other cases, see Adulteration, Dec. Dig. § 4.*

    For other definitions, see Words and Phrases, vol. 4, p. 3812.]

Appeal from Court of Special Sessions, Kings County.

Isidor Greenberg was convicted of violating the pure food law, and he appeals. Affirmed.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

Thomas Kelby, for appellant.

Francis K. Pendleton, Corp. Counsel (Herman Stiefel and Harry S. Sullivan, on the brief), for the People.

JENKS, J. The appellant was convicted of a violation of the Sanitary Code of the Board of Health of the City of New York, in that he did have and offer for sale certain confections that contained sulphurous acid, an ingredient deleterious and detrimental to health, and in particular in violation of the sixty-eighth section of the said Code, that provides:

"Sec. 68. No person shall have, sell or offer for sale in the city of New York any food which is adulterated or misbranded. The term 'food' as herein used shall include every article of food and every beverage used by man and all confectionery. Food, as herein defined, shall be deemed adulterated: * * * (g) If, in the case of confectionery, it contains terra alba, barytes,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

talc, chrome yellow, or other mineral substance or poisonous color or flavor, or other ingredient deleterious or detrimental to health, or any vinous, malt or spirituous liquor or compound or narcotic drug."

He was sentenced to pay a fine of $10, or, in default, to imprisonment in the city prison for five days.

It is urged against the judgment that the mere possession of such confections is not an offense under this section, and that there was no proof that the defendant had the confections for sale or offered them for sale. Buckley, an inspector, testified that he visited certain premises where the defendant carried on a "candy jobber" business; that he saw the defendant at his place of business, and informed him that the witness was an inspector, come to examine his candies; that he examined a number of candies in boxes, and took six samples thereof; that he paid the defendant 10 cents for the six samples, which were taken and delivered to the chemist of the health department. The witness further testified that he asked how much he owed to the defendant for these samples, whereupon the defendant "told me 10 cents, and I paid him 10 cents." As the witness asked how much he owed for the confections, and the defendant named a price, which was paid and accepted, this transaction was a voluntary sale, unaffected by the circumstance that it was made to a buyer who theretofore had said that he was an inspector, who desired to examine his candies. Moreover, we think that the record justifies the conclusion that the defendant had for sale or was offering for sale these confections. They were taken from the confections kept in the defendant's place of business. The defendant admits that he was a "jobber" of candy, that he sold candies to the stores, that he had purchased these candies from a manufacturer, and that he had them at this place of business. There was no contention that these confections from which the samples were taken were bought for consumption by the defendant, or for any other use outside of his business of resale.

It is further contended that the said section 68 does not apply to "candy jobbers," in that the criminal intent is a necessary part of the crime. The provision in its terms applies to a candy jobber, if he be a person who sells or offers for sale, and such, as we understand, is the business of a "jobber"—in other words, a middleman. As we read the provision, intention is not an element of the offense, and it is not essential that it should be. People v. Kibler, 106 N. Y. 321, 12 N. E. 795; People v. Werner, 174 N. Y. 132, 66 N. E. 667. The Legislature has seen fit to constitute the act itself the offense. If the statute seem severe in isolated cases, of which the one at bar may well be an example, if the uncontradicted contention of the defendant be true that he was deceived by the manufacturer, the courts have no powers of remission, limitation, or multiplication, in the face of the plain language of the statute. Such legislation has been justified by the paramount purpose to preserve the public health, because experience has taught that, if such statutes make intention to deceive and to defraud an essential part of the offense, they are of "little use and rarely accomplish their purpose." People v. Kibler, supra, 106 N. Y., at page 324, 12 N. E., at page 796.

The judgment must be affirmed. All concur.